UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CV-506-CVE-SAJ |
| ) | |
| SIKORSKY AIRCRAFT CORPORATION, ) | |
| UNITED TECHNOLOGIES CORPORATION, ) | |
| and ERIN BOLDUC, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is the Special Appearance and Motion to Dismiss of Defendant, Erin Bolduc and Supporting Brief (Dkt. # 6) as to claims brought against her for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq, for intentional interference with economic opportunity, and for negligent and/or intentional infliction of emotional distress. Defendant Bolduc argues that all claims against her should be dismissed for lack of personal jurisdiction.

**I.**

Plaintiff was offered employment with Sikorsky International Products as a Base Manager on September 29, 1998. He was assigned to a base in Brazil. During the course of his employment, plaintiff suffered emotional and mental difficulties and was put on emergency medical leave. While on leave, plaintiff received a letter dated January 26, 2004 from Ken Thomson, Manager of Services Operation for the Maintenance Services Division of Sikorsky International Products, informing him that he had ten days to reconcile certain company funds and property he had left outstanding, including open and past due electric bills, contractor rent payments, a company van and the van

driver's salary, a Brazilian lawyer's monthly fees, an open balance in the petty cash fund, an advance of $5000, a returned personal check for which the company was being held liable, transfer of title on the company van, the return of a company computer, and the lease on his Brazilian apartment. Erin Bolduc, Human Resources Client Manager for Sikorsky Aircraft, sent plaintiff a letter dated February 13, 2004, informing plaintiff of the termination of his employment for failure to comply with that request. On March 18, 2004, Bolduc sent a letter to plaintiff's treating physician in Tulsa, Oklahoma, informing her that plaintiff had been terminated for reasons unrelated to his health and that no further information regarding his disability or medical treatment would be necessary or appropriate. Bolduc also spoke to the physician twice over the telephone, on January 16 and 20, 2004.

Plaintiff asserts that although several demands regarding the reconciliation of money and property were made prior to his termination, he agreed to comply with every one of them, and that he was unaware that his job was in jeopardy. He contends that the stated reasons for his termination were merely a pretext and that he was really fired in retaliation for having taken FMLA leave.

**II.**

Bolduc asserts that the Court does not have personal jurisdiction over her, and that dismissal of plaintiff's claims against her is proper pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing that the Court has personal jurisdiction over defendant. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). "When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, . . . the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." Id. (citing Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 456

(10th Cir. 1996)). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." Id. "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

To demonstrate the existence of personal jurisdiction over a nonresident defendant in a diversity action, plaintiff must show "both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000) (citing Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1074 (10th Cir. 1995)). "Because Oklahoma's long-arm statute permits the exercise of jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." Id. (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988)); see also Okla. Stat. tit. 12, § 2004(F); Hough v. Leonard, 867 P.2d 438, 442 (Okla. 1993).

"The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" Intercon, 205 F.3d at 1247 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)). The existence of such minimum contacts must be shown to support the exercise of either specific jurisdiction or general jurisdiction. Id. A court "may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed [her] activities at the residents of the forum, and the litigation results from alleged injuries that arise out

of or relate to those activities.'" Id. (quoting Burger King, 471 U.S. at 472). "When a plaintiff's cause of action does not arise directly from a defendant's forum related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." Id. (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 414-16 & n.9 (1984)). However, "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." OMI Holdings, 149 F.3d at 1091. "Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could reasonably anticipate being haled into court in that state." Conoco, Inc. v. Agrico Chemical Co., 115 P.3d 829, 835 (Okla. 2004) (citing World-Wide Volkswagen, 444 U.S. at 297); see also Treierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1543 (10th Cir. 1996).

Even if a defendant's actions created sufficient minimum contacts, a court must still consider whether the exercise of personal jurisdiction over defendant would "offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945); Intercon, 205 F.3d at 1247 (citing Burger King, 471 U.S. at 476). "This inquiry requires a determination of whether the district court's exercise of personal jurisdiction is reasonable in light of the circumstances surrounding the case." Intercon, 205 F.3d at 1247 (citing Burger King, 471 U.S. at 477-48).

4

**III.**

In support of her motion to dismiss, defendant Bolduc first argues that she has never had the continuous or systematic activity in the State of Oklahoma necessary for the Court to exercise general personal jurisdiction over her. At all times relevant to this case, defendant Bolduc was a Human Resources Client Manager for Sikorsky Aircraft Corporation, residing and maintaining her office in the State of Connecticut. She is not and never has been a resident of or maintained an office in the State of Oklahoma. She has never owned real property in Oklahoma. She has never performed any work or conducted any business in the State of Oklahoma, except by directing two letters and making two phone calls in her capacity as an employee of Sikorsky. Further, plaintiff has not addressed the issue of general jurisdiction in its response. The Court finds insufficient contacts to establish general jurisdiction over defendant Bolduc.

**IV.**

Defendant Bolduc further argues that she has not purposefully availed herself of the privilege of conducting activities in the State of Oklahoma sufficiently to establish specific personal jurisdiction. Her only contact with Oklahoma was on behalf of Sikorsky in her capacity as an employee. In that capacity, she sent a letter to plaintiff, at a Tulsa address, in which she informed him that his employment had been terminated. She also had two phone conversations from her office in Connecticut with plaintiff's treating physician who maintains her office in Tulsa.

"[T]elephone calls and letters may provide sufficient contacts for the exercise of personal jurisdiction." Rambo, 839 F.2d at 1418. However, "the existence of letters or telephone calls to the forum state related to the plaintiff's action will not necessarily meet due process standards." Id. (citing Nicholas v. Buchanan, 806 F.2d 305, 307 (1st Cir. 1986)). In deciding whether such

5

communications constitute the requisite contact for personal jurisdiction, a court must determine whether the calls and letters in question were made or sent in an effort by a defendant to purposefully avail herself of the privilege of conducting activities within the forum state. Id. at 1419. To qualify as acts of purposeful availment, contacts with a state must be attributable to the actions of a defendant and not solely to the actions of the plaintiff and typically must be the result of affirmative conduct by a defendant which allows or promotes business within the forum state. See, e.g., Trierweiler, 90 F.3d at 1534.

In the instant case, the phone calls and letters in question were not affirmative attempts by Bolduc to conduct business in the State of Oklahoma. Rather, defendant contacted plaintiff for the sole purpose of communicating with him regarding his employment with Sikorsky, in the course of which plaintiff never performed any work in the State of Oklahoma. Plaintiff merely resided in Oklahoma while performing work for Sikorsky elsewhere (for the most part in Brazil). Accordingly the acts of Bolduc cannot be reasonably construed as active attempts to conduct business in the State of Oklahoma. Bolduc merely reacted in her professional capacity, to plaintiff's unilateral decision to live in Oklahoma during the course of his employment. Accordingly, the Court concludes that the letters and telephone calls do not provide a basis for this Court's exercise of specific personal jurisdiction over Bolduc. See OMI Holdings, Inc., 149 F.3d at 1092 ("[C]ourts have been unwilling to allow states to assert personal jurisdiction over foreign defendants where the defendant's presence in the forum arose from the unilateral acts of someone other than the defendant."). Further, Bolduc would not reasonably expect to be haled into court in Oklahoma simply because she mailed a letter

6

to plaintiff, related to his employment elsewhere, at an Oklahoma address, or because she had two telephone conversations with and mailed one letter to plaintiff's treating physician in Oklahoma.[1]

**V.**

Finally, plaintiff argues that defendant Bolduc is an "employer" under the FMLA, which "mandates both in personam jurisdiction and possible liability." The Tenth Circuit has not yet directly addressed the whether the FMLA contemplates individual liability for those designated as "employers" thereunder. See, e.g., Cornforth v. University of Oklahoma Bd of Regents, 263 F.3d 1129, 1132 (10th Cir. 2001); Gray v. Baker, 399 F.3d 1241, 1245-46 (10th Cir. 2005). The majority of courts have concluded that such individual liability does exist under the FMLA. However, such imposition of individual liability does not circumvent the due process requirements imposed by the Fourteenth Amendment. "The fact that a defendant would be liable under a statute if personal jurisdiction over [her] could be obtained is irrelevant to the question of whether such jurisdiction can be exercised." Vogt v. Greenmarine Holding, LLC , 2002 WL 534542, *3 (N.D.Ga.,2002) (citing Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 944-45 (7th Cir.2000), and United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1096 (1st Cir.1992)). In other words, the FMLA does not, in and of itself, make defendant Bolduc subject to suit in Oklahoma. Contrary to plaintiff's assertions, this holding does

---

[1] Defendant Bolduc also argues that if the letters and phone calls did constitute sufficient minimum contact for the purposes of personal jurisdiction, she is protected by the "fiduciary shield doctrine." Because the Court has found the letters and phone calls to be insufficient contacts to support personal jurisdiction over her, the Court does not reach this argument, but notes that the fiduciary shield doctrine was conceived to protect nonresident defendants from having to defend cases where the only minimum contacts with the forum were by an employer, not to protect employees who have created their own contacts with the forum state through acting in their official capacities. Calder v Jones, 465 U.S. 783, 790 (1984).

7

not "abrogate the important provisions of the FMLA," it merely limits where a claim based on such liability may be brought.

**VI.**

Because plaintiff has failed to demonstrate sufficient contacts between defendant Bolduc and the State of Oklahoma to support this Court's assertion of either general or specific personal jurisdiction over her, the Court finds that defendant's motion to dismiss (Dkt. # 6) should be and is hereby **granted.**

**IT IS SO ORDERED** this 15th day of August, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT